IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J.C.** *individually and on behalf of J.C.,* *a minor* : | |
| : | |
| v. : | **CIVIL ACTION NO. 20-5030** |
| : | |
| **UPPER DARBY SCHOOL DISTRICT** : | |

**MCHUGH, J.**                                                                         **SEPTEMBER 26, 2022**

**MEMORANDUM**

This is an appeal from the due process decision of a hearing officer under The Individuals with Disabilities Education Act (IDEA). J.C. is an elementary school-aged student in the Upper Darby School District who became eligible for special education pursuant to the IDEA on the bases of a Hearing Impairment and an Other Health Impairment. H.O. Op. ¶ 1, Ex. A to Am. Compl. ECF 13-1. In addition to making certain determinations, the Hearing Officer's Final Decision, dated July 14, 2020, ordered an Upper Darby School District team to "meet to revisit Student's strengths and needs prior to the start of the 2020-21 school year and make any necessary revisions [to Student's IEP]." H.O. Op. at 31. The immediate issue before me is whether Plaintiff can supplement the record with documents related to the Hearing Officer's requirement that the District team meet to make any necessary revisions to the Student's IEP. Plaintiff argues that the record should be supplemented with documents pertaining to the subsequent IEP meetings. ECF 15-14. Defendant contends in response that the record should not be supplemented because the documents were generated after the Hearing Officer's July 14, 2020 Decision and Order, making them irrelevant. ECF 17 at 6. The Defendant further argues that allowing evidence that is from a "post administrative hearing would transform the Court's

review of the matter into a new trial." ECF 17 at 6.  Given that the evidence Plaintiff seeks to admit concerns a period outside of that reviewed by the Hearing Officer, I conclude that the evidence should be admitted, subject to further review and close scrutiny as the Court addresses the merits.

## I.     Legal Standard: Post Hearing Evidence

When a party brings an action for judicial review of an IDEA administrative decision, 20 U.S.C. § 1415(i)(2)(C)(ii) provides that the "court shall…hear additional evidence at the request of a party."  The Third Circuit first considered the application of this provision in *Susan N. v. Wilson Sch. Dist.,* 70 F.3d 751 (3d Cir. 1995) (overruling risk on other grounds).  In crafting the standard a district court should employ when considering whether to admit additional evidence, *Susan N.* engaged in a thorough discussion of the First Circuit's decision in *Town of Burlington v. Dept. of Educ.*, 736 F.2d 773 (1st Cir. 1984), *aff'd on other grounds*, 471 U.S. 359 (1985).  Although it discussed *Burlington* at length, *Susan N.* did not adopt the many limitations on supplemental evidence embraced by the First Circuit.  Instead, it held that the district court must evaluate a party's proffered evidence and exercise "particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative and useful" in determining whether a child's program is in compliance with the IDEA.  *Susan N.*, 70 F.3d at 760.

*Susan N.* leaves open the possibility that an administrative hearing record may be supplemented with "evidence concerning relevant events occurring subsequent to the administrative hearing." *Susan N.*, 70 F.3d at 759.  But in allowing evidence relating to events after the administrative hearing, there is added "danger[ ] inherent in this process of second-guessing the decisions of a school district with information to which it could not possibly have had access at the time it made those decisions."  *Id.* at 762.  Because of the "great" risk of using

hindsight, courts weighing whether to admit "after-acquired evidence" are instructed to examine this evidence "carefully."  *Id.*

The purpose of limiting after-acquired evidence is to give "due weight" to the "educational agencies[']" specialized administrative proceedings and ensure that Courts do not "substitute their own notions of sound education policy for those of the educational agencies they review."  *Id.*  Nonetheless, after-acquired evidence may be accepted if it helps a Court determine whether Congress' goal to ensure that children with disabilities have appropriate educational programming is being met.  *Id.* at 760.

Considering these interests, post-administrative-hearing evidence should be admitted where useful to determine whether Congress' goal is being met but used:

> only in assessing the reasonableness of the district's initial decisions regarding a particular IEP or the provision of special education services at all. Courts must be vigilant to heed Judge Garth's warning that "[n]either the statute nor reason countenance 'Monday Morning Quarterbacking' in evaluating the appropriateness of a child's placement."

*Id.* at 762 (quoting *Fuhrmann v. East Hanover Bd. Of Educ.,* 993 F.2d 1031, 1040 (3d Cir. 1993)).

## II.  Discussion

In the Hearing Officer's Final Decision and Order, the Officer reasoned:

> Circumstances have changed...and it is therefore appropriate and necessary for the team to meet to revisit Student's strengths and needs prior to the start of the 2020-21 school year and make necessary revisions. Development of a new IEP will also afford the parties the opportunity to consider LRE [least restrictive environment] principles in determining placement based on that IEP.

H.O. Op. at 30.  The Final Decision and Order directed the district to convene an IEP meeting (1) to consider whether a reevaluation of J.C. was warranted, and (2) to explicitly review and consider (a) a new communication plan for J.C., (b) each of the annual goals in his IEP to determine necessary revisions and (c) any and all related services, including parent counseling

and training to determine necessary revisions. *Id.* at 32. The Final Decision and Order further directed that "[f]ollowing completion of the review and revision of the IEP, the team shall proceed to determine Student's placement consistent with the least restrictive environment mandates and guidance by the Pennsylvania Department of Education." *Id.* at 33.

Plaintiffs argue that although Defendant convened an IEP meeting after the Final Decision and Order, Defendant did not comply with the Final Decision and Order as 1) Parent proposed less restrictive environments which were "summarily dismissed," 2) the District rejected plaintiffs' requests for appropriate communication supports and programming, and 3) the District determined that J.C. would remain in his present placement, away from typically developing peers. ECF 15-14 at 2-3. As evidence that the Defendant did not comply with the Final Decision and Order, the Plaintiff seeks to admit evidence including J.C.'s IEP(s), communication plans, NOREP(s), and email communication pertaining to programming and placement for the 2020-2021 school year. *Id.* at 6.

Defendant asserts that in fact, the District's IEP team held two meetings after the Hearing Officer ordered the District to reconvene an IEP meeting to review the items listed in the Order, including the Least Restrictive Environment Requirement. The first meetings took place on July 24, 2020 and the second meeting took place on September 3, 2020. ECF 17 at 3, 7. The second meeting was convened because "Plaintiff alleged that the District did not fully consider the LRE requirement at the July 24, 2020 meeting and requested to meet again." *Id*. at 4.

At this juncture and before full review of the merits, I cannot summarily conclude that the evidence has no relevance. Each side attempts to define the issue before the Court to its advantage, and my ultimate decision as to the scope and meaning of the Hearing Officer's order will bear upon the potential relevance of the proffered evidence. I will therefore grant the

motion, but with the caveat that it may not play a significant role in the final resolution of the case.

    An appropriate order follows.

                                     /s/ Gerald McHugh
                                   United States District Judge